IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-71,630-01; WR-71,630-02; WR-71,630-03






EX PARTE STANLEY BENJAMIN GREEN, JR., Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. C-12,469; C-12,433 & C-12,468 


 IN THE 173RD DISTRICT COURT 

FROM HENDERSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two acts 
of indecency with a child, sentenced to twenty years' imprisonment for each, and one aggravated
sexual assault and sentenced to fifty years' imprisonment. The Twelfth Court of Appeals affirmed
his convictions. Green v. State, Nos. 12-06-402-CR; 12-06-403-CR; 12-06-404-CR (Tex.
App.-Tyler, delivered March 26, 2008). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance by playing
an audio recording containing character statements by Applicant, thereby opening the door for the
State to enter testimony of alleged extraneous bad acts by two witnesses.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 25, 2009

Do not publish